FILED
MAY 13 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| William J.R. Embrey ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-500 (UNA) |
| ) | |
| The Attorney General of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Plaintiff, a prisoner currently incarcerated under federal sentence, has submitted a an application to proceed *in forma pauperis,* now complete with the financial information required under 28 U.S.C. § 1915(a), and a *pro se* complaint. The application will be granted, and the complaint dismissed.

The complaint is concerned with the application of 18 U.S.C. § 922(g)(1), which makes it unlawful for any person

> who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). "Plaintiff does not attack the constitutionality of [18 U.S.C.] § 922(g)(1). He simply claims that the Defendants cannot lawfully apply that statute against American Citizens WHO HAVE NOT HAD HER OR HIS CONSTITUTIONAL RIGHT TO KEEP AND BEAR ARMS ANNULLED IN ACORDANCE WITHTHE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES." Compl. at 4. The theory of the complaint is

4

that because "Section 922(g)(1) does not provide for a hearing to determine whether [a subject person's] Constitutional right to possess a firearm[] enumerated in the Second Amendment had been annulled within the Constitution's Due Process Clause," *id.* at 3, any person imprisoned for a violation of 18 U.S.C. § 922(g)(1) is imprisoned in violation of the Second and Fifth Amendments, *id.* at 3-4. The complaint prays for numerous declarations and injunctions, including an injunction against applying § 922(g)(1) without first providing the defendant with a judicial hearing to determine that the defendant's constitutional right to keep and bear arms had already been annulled or suspended. *Id.* at 20-21, ¶ 75.

Before any person can be convicted for a violation of § 922(g)(1), that person has either had a judicial hearing on the merits — as required by the Fifth Amendment's due process clause — or has waived his right to one. In the criminal context, that judicial hearing is called a trial. The complaint does not allege facts that support an inference that plaintiff was not afforded his right to a trial on the § 922(g)(1) charge. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted. To the extent that the complaint means to assert that a defendant charged with a violation of § 922(g)(1) is entitled to two, sequential, trials, the complaint makes no sense and warrants dismissal as frivolous. Accordingly, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1] A separate order accompanies this memorandum opinion.

Dated: April 14, 2009

United States District Judge

---

[1] A dismissal under 28 U.S.C. § 1915A(b)(1) operates as a "strike" for purposes of a prisoner's "three strikes" under 28 U.S.C. § 1915(g).